EDWARD HART, Appellant, *v.* CITY THEATRES COMPANY, Respondent.

(Supreme Court, Appellate Term, April, 1911.)

Contracts — Validity of contracts — Effect of invalidity or illegality — Enforcement of illegal contracts in general.

A contract between the owner of a theatre and the owner of an adjoining building not fireproof to cut a door through the wall which separates the buildings, for an exit through the latter building from the theatre, violates the building code of the city of New York; and the owner of the latter building cannot maintain an action to recover the agreed compensation.

APPEAL from an interlocutory judgment of the City Court of the city of New York, overruling plaintiff's demurrer to the second and third separate defenses contained in the amended answer.

Walter J. Rosenstein, for appellant.

Charles L. Hoffman (Henry A. Friedman, of counsel), for respondent.

SEABURY, J. The defendant is the owner of the City Theatre. The plaintiff is the lessee of the adjoining premises on the west and south. The present action is upon an agreement, the purpose of which is to permit the defendant in the use of its theatre to cut a door through the plaintiff's westerly wall and use the stairway of plaintiff's building as one of the exits from the theatre for the use of the audience. For this privilege the defendant agreed to pay $1,200 per annum in monthly instalments, and this action is brought to recover instalments for six months.

The answer of the defendant alleges the illegality of the contract sued upon as a defense.

The demurrer admits the facts alleged in the defense.

For the purposes of this appeal, therefore, it is conceded that the defendant's theatre is fireproof; that plaintiff's building is entirely non-fireproof; that written plans and specifications for the work were prepared by defendant and submitted to plaintiff and application duly made to the building department of the city of New York for a certificate approving the same and approving the work called for; and that the building department refused to issue a certificate and expressly disapproved the plans submitted, declined to approve any plans or permit any work for the cutting of a doorway as provided for in said agreement and expressly disapproved the use of plaintiff's premises as called for in said agreement; that the refusal was based upon the ground that no part of plaintiff's premises "was made or constituted fireproof." It is further alleged that the building code provides that all stairways, openings, structures and all

parts of any such structures, used for any theatrical purpose, or as a theatre, or for the use of any audience or portions of an audience, shall be completely fireproof.

Taking the facts admitted by the demurrer in connection with the provisions of the agreement which is annexed to the complaint, the following propositions appear to be established:

*First.* That plaintiff agreed to allow the defendant to cut a door through the wall of his building which was not fireproof and to use the stairway as one of the exits from defendant's fireproof theatre.

*Second.* That the plaintiff's building, or a part thereof, if used as contemplated by the contract, would be used as a theatre or for the use of an audience or portions of an audience.

*Third.* That the building code provides that all stairways, openings, structures and all parts of any such structures used for any theatrical purpose or as a theatre or for the use of any audience or portion of an audience shall be completely fireproof.

Assuming, as we must, that these propositions are correct, it necessarily follows either (1) that the defendant must rebuild the whole of the plaintiff's building, so that it should be a fireproof structure, which the contract does not contemplate it should do, or (2) that the contract if carried out would involve an illegal and unlawful use of the plaintiff's building.

The building code of the city of New York has the force of law, and any contract made in violation of its provisions is void. Burger v. Koelsch, 77 Hun, 44.

Under the contract the defendant was required to do a thing which cannot be done without a violation of the law, and it follows that such an obligation is void. Nor does the fact that at the time the contract was made the parties knew the law alter the situation in any respect.

For the purpose of this appeal we must assume that the answer correctly sets forth the provisions of the building code. If these provisions are not as comprehensive as they appear to be from the allegations of the answer, that fact

Supreme Court, Appellate Term, April, 1911.    [Vol. 71.

will appear upon the trial of the action.    In determining the issue raised by the demurrer we must assume that the allegations of the defense are true.

We think that the learned court below was right in holding the defense alleged to be sufficient in law and in overruling the demurrer interposed thereto.

The judgment appealed from should be affirmed, with costs.

BIJUR and PAGE, JJ., concur.

Judgment affirmed.